UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, :
:
v. : CRIMINAL NO. 23-CR-182-4 (ABJ)
:
FLOYD NEAL (Defendant 4), :
:
Defendant. :

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I. Summary of the Plea Agreement

The Defendant agrees to plead guilty to three counts of Interference with Commerce by Threat or Violence, in violation of 18 U.S.C. 1951, and one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. 924(c)(1).

### II. Elements of the Offense

The elements of the offense of Interference with Commerce by Robbery, in violation of 18 U.S.C. 1951, each of which the Government must prove beyond a reasonable doubt, are:

1. The defendant knowingly obtained money or property from or in the presence of a victim;

2. That the defendant did so by means of robbery;

3. That the defendant believed that the victim parted with the money or property because of the robbery; and

4. That the robbery affected interstate commerce.

The elements of the offense of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. 924(c)(1), each of which the Government must prove beyond a reasonable doubt, are:

1

1. The defendant committed a Drug Trafficking Offense, as set forth in Count 2 of the Indictment;

2. The defendant knowingly carried a firearm during and in relation to such crime.

### III.  Penalties for the Offense

The penalties for Interference with Commerce by Threat or Violence, in violation of 18 U.S.C. 1951, are:

(A)  a term of imprisonment of not more than twenty years;

(B)  a fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

(C)  a term of supervised release of not more than three years; and,

(D)  a special assessment of $100.

The penalties for Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. 924(c)(1), are:

(A)  a maximum term of imprisonment of life;

(B)  a fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

(C)  a term of supervised release of not more than five years; and,

(D)  a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the cost of imprisonment and any term of supervised release and/or probation.

### IV.  Factual Proffer

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

On February 14, 2021, Floyd Neal and co-conspirators traveled from Washington, D.C. to a CVS Pharmacy located at 10901 West Broad Street, Henrico, Virginia. Floyd Neal was carrying

a firearm. Neal entered the store first, interacted with the store employee, and then called his co-conspirator who entered shortly afterwards. Neal approached the pharmacy counter, brandished the firearm, and instructed the pharmacist to give him and his co-conspirator Codeine and pain medications such as Hydrocodone and Oxycodone. Neal held one employee at gunpoint, while his co-conspirator demanded that the pharmacist open the prescription safe. Neal and his co-conspirator gathered medication including Percocet, Oxycodone-Acetaminophen, Hydrocodone-Acetaminophen, Codeine, and Adderall. Neal and his co-conspirator exited the store and were driven away from the store by another co-conspirator in a red SUV. Neal and his co-conspirators returned to Washington, D.C. immediately after the robbery.

On March 25, 2021, Floyd Neal and a co-conspirator traveled from Washington, D.C. to a Walgreens Pharmacy located at 4515 Duke Street, Alexandria, Virginia. Both entered the store wearing yellow construction vests and posed as customers by grabbing beer. Then, Neal and his co-conspirator robbed the store employees. Neal's co-conspirator shouted "Give me all the money, oh you think I'm playing," as he reached towards his waistband in a manner indicating that he was in possession of a firearm. Neal and his co-conspirator directed the two store employees into the office before taking approximately $7,000 to $10,000 from the store safe. Neal and his co-conspirator then fled in a 2005 silver Nissan.

On March 31, 2021, Floyd Neal and his co-conspirators traveled from Washington, D.C. to a CVS Pharmacy located at 11729 Beltsville Drive, Beltsville, Maryland. Neal and his co-conspirator entered the pharmacy posing as customers. Neal's co-conspirator went behind the store counter, grabbed a store employee, and demanded the code to the store's safe. While the robbery was in progress, the store's manager entered the store. Neal's co-conspirator then grabbed

the store's manager and directed her to the back office, while Neal watched the other store employee. Neal's co-conspirator forced the manager to open the store safe and the co-conspirator stole the contents. Neal remained in the front of the store where he emptied out the store's cash registers. Neal and his co-conspirator then fled in a dark four-door sedan with silver trim.

On April 1, 2021, Floyd Neal and a co-conspirator entered a CVS Pharmacy located at 9200 Centreville Road, Manassas, Virginia. One employee locked herself in the back office while another ran to the front. Neal's co-conspirator grabbed this employee by the neck. Neal and his co-conspirator threatened the store employees. Neal instructed one of them to give him "percocets and oxys" or else he would harm them. Neal also demanded that the same employee open the cash registers. Neal stole cash from the registers, while his co-conspirator stole narcotics from the pharmacy safe. Both Neal and his co-conspirator were arrested after fleeing the pharmacy. During and in furtherance of this robbery, Neal was in possession of a 9mm Hipoint C9 firearm, loaded with one round in the chamber and five rounds in the magazine. Specifically, Neal used this robbery to obtain controlled substances from the CVS Pharmacy with the intent to distribute these controlled substances in exchange for money.

Each of the CVS and Walgreens pharmacies robbed by Mr. Neal are national retailers that are not solely based in Washington, D.C. and sell products that are not solely based in Washington, D.C., including the pharmaceuticals that Mr. Neal stole. Therefore, Neal's robbery of each location affected interstate commerce.

Further, Defendant Neal has no information which would contradict the charges alleged in the Indictment.

Respectfully Submitted

Matthew M. Graves
United States Attorney

BY: /s/ Cameron A. Tepfer
Cameron A. Tepfer
Assistant United States Attorney

## DEFENDANT NEAL'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to Counts 11, 13, 14, and 15 of the June 6, 2023 Indictment in this case, charging me with Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, and Carrying a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). I have discussed this proffer fully with my attorney, William Welch. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: Feb. 13, 2024

x Floyd Neal
Floyd Neal

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I do not object to my client's agreement with and acceptance of this proffer.

Date: Feb. 13, 2024

W. L. Welch,
William Welch, Esq.
Counsel for Defendant