## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | **Criminal Case No. 23-cr-190 (ABJ)** |
| **v.** | |
| **ASHLEY GAUSE, et al.,** | |
| **Defendants.** | |

## JOINT PRETRIAL STATEMENT

## PROPOSED STATEMENT OF THE CASE

***Government's Proposal:*** This case involves alleged conspiracies to rob at least nine pharmacies and nine cellphone stores throughout D.C., Maryland, Virginia, and New Jersey. The Government alleges that combinations of Defendants Gause, Mitchell, Branham, and Blount committed these robberies along with others. The Government alleges that members of the conspiracy, led by Defendant Gause and Mitchell, conducted research into potential store targets, drove sometimes significant distances to rob these stores, burst into the stores when they were thinly occupied, subdued the store occupants, and stole cellphones or narcotics, before returning to Washington, D.C. after each robbery.  Following the robberies, members of the conspiracy would contact re-sellers of drugs and cellphones to distribute the robbery proceeds.

***Defendants' Proposal:*** The Defendants are charged in an indictment where the government claims that various robberies of pharmacies and cellphone stores took place. The government alleges that each of the defendants participated in specific robberies and that all of the defendants were part of a conspiracy to engage in the alleged robberies and a conspiracy to distribute the narcotics allegedly taken during the pharmacy robberies. Each of the defendants

maintains his or her innocence.  Under our laws and the Constitution of the United States, each of the defendants remains innocent unless and until you, the jury, have unanimously determined that the government proved each person guilty beyond a reasonable doubt.

## ESTIMATED NUMBER OF TRIAL DAYS

The parties estimate the trial lasting approximately twenty-five days excluding jury selection.

## OUTSTANDING MOTIONS *IN LIMINE*

In addition to the pending motions to dismiss and suppress, ECF Nos. 164-172, the following motions *in limine* are currently pending:

- The Government's motion to introduce evidence pursuant to Rule 404(b) and impeachment pursuant to Rule 609 (ECF No. 181)

- The Government's motion to admit Defendants Gause, Mitchell, and Branham's prior admissions of guilt (ECF No. 182)

## PROPOSED VOIR DIRE

### *Questions on Which the Parties Agree*

1.      The lawyers representing the United States during this trial will be Assistant United States Attorneys Mark Levy, Sarah Martin, and Cameron Tepfer. Assisting them at trial will be paralegal specialist Jenna Lee and Federal Bureau of Investigation Special Agent Erik Potrafka. [STAND]. Do any of you believe that you know, or have any connection to or association with, any of these people?

2.      The lawyers representing the four defendants during this trial will be Peter Cooper, Carmen Hernandez, Assistant Federal Public Defender Diane Shrewsbury, Assistant Federal Public Defender Benjamin Schiffelbein, and Errin Scialpi. Assisting them at trial will be paralegal Shirley Lewis. [STAND].  Do any of you believe that you know, or have any connection to or association with, any of these people?

3.      As I mentioned, there are four defendants in this case. I am going to have each of them stand and face you in alphabetical order:  Deaundre Blount, Terrance Branham, Ashley Gause, and D'Marrell Mitchell.  Do any of you believe that you know, or have any connection to or association, with Mr. Blount, Mr. Branham, Ms. Gause, or Mr. Mitchell?

4.      A few minutes ago, I described what the case is about. Do any of you believe you may know anything about the facts and circumstances of this case, other than what I have told you?

5.      The events in this case allegedly took place at the following locations:

    a.   The Walgreens at 1905 State Road 33, Neptune, New Jersey;

    b.   The CVS at 4140 Joppa Road, Nottingham, Maryland;

    c.   The T-Mobile store at 8145 Baltimore Avenue, College Park, Maryland;

    d.   The Walgreens at 6851 Temie Lee Parkway, Midlothian, Virginia;

    e.   The CVS at 721 D Street SE, Washington, D.C.;

    f.   The Verizon store at 5252 Wisconsin Avenue NW, Washington, D.C.;

    g.   The T-Mobile store at 2460 Market Street NE, Washington, D.C.;

    h.   The Glen Echo Pharmacy at 7311 Macarthur Boulevard, Bethesda, Maryland;

    i.   The AT&T store at 5301 Wisconsin Avenue NW, Washington, D.C.;

    j.   The Verizon store at 703 8th Street SE, Washington, D.C.;

    k.   The CVS at 10901 West Broad Street, Henrico, Virginia;

    l.   Morgan Pharmacy at 3001 P Street NW, Washington, D.C.;

    m.   6421 Hill Mar Drive in District Heights, Maryland;

    n.   The CVS at 11729 Beltsville Drive, Beltsville, Maryland;

    o.   The CVS at 9200 Centreville Road, Manassas, Virginia;

    p.   The AT&T store at 11427 Georgia Avenue, Wheaton, Maryland;

    q.   The AT&T store at 6300 Annapolis Road, Hyattsville, Maryland;

    r.   The AT&T store at 14700 Baltimore Avenue, Laurel, Maryland; and

    s.   The CVS at 28 Magothy Beach Road, Pasadena, Maryland.

Do any of you live, work, shop in, frequently visit, or have any special familiarity with those locations? If you live, work, shop in, frequently visit, or have any special familiarity with any of these locations, please write the number 5 on the back of your card.

    6.    The Government will call a number of witnesses to testify during the trial. The defendants may call some witnesses, but they are not under any obligation to call any witnesses or introduce any evidence at all. The people who may testify in this case for one side or the other or whose names you might hear include:

[INSERT WITNESS LIST TO BE READ BY THE COURT]

You may also here testimony about the following individuals:

- Ashawntea Henderson

- Floyd Neal

- Glenn Dolford

- Bartwone Copeland

- Anthony Carlos Thomas, Jr.

- Murshawn Copeland

- Abass Bawa

- Malik Mallet

Do any of you recognize or think that you may know any of these individuals?

7.      Please take a look around the room. Do any of you recognize or think that you might know any other member of the jury panel -- or any other person in the courtroom, including me, and the members of the courtroom staff? That could include knowing them from work, from school or your kids' schools, from the neighborhood, knowing them socially, from prior jury service, or anything else.

8.      The government has the burden of proving each defendant guilty beyond a reasonable doubt, and they are all presumed innocent unless and until the government meets that burden. This burden of proof never shifts to any of the defendants. Would you have any difficulty or hesitation following this fundamental rule that places the burden of proof beyond a reasonable doubt on the prosecution?

9.      Because the defendants are presumed innocent, they have a Constitutional right under the Fifth and Sixth Amendment and the Due Process Clause not to testify nor offer any

5

evidence.  Throughout the trial, they have a right to object to the evidence presented by the prosecution and to question and cross-examine the testimony of the prosecution witnesses.  Do you think a decision not to call witnesses or put on evidence would make you think or suspect that it is more likely that a defendant is guilty?  If so, you should write down #9 on your card.

10.     In addition, you will be told that the government must carry this burden as to each individual defendant and each charge, and that you should give separate consideration to each defendant and each charge. Is there anyone who would find it difficult to follow that instruction, and consider the evidence as to each defendant and each charge separately, and render a fair and impartial verdict as to each of them separately? If so, you should write down #10 on your card.

11.     Every criminal defendant has an absolute right to decide whether or not to testify on their own behalf. You cannot use this decision against them. **And, because each defendant is presumed to be innocent, and the burden of proof never shifts throughout the trial, a defendant does not need to introduce any evidence at all. You will be instructed that if any particular defendant does not testify or call witnesses, you cannot draw any conclusions from that fact, you can't hold it against him, and you can't guess about why he did or he didn't.**[1] Is there anyone who believes that they cannot follow this instruction? If so, you should write #11 on your card.

12.     There has been an indictment in this case. An indictment is not evidence of a crime. It merely initiates a case and is a formal way of presenting the charges. The indictment here informs the defendants, the Court, and the members of the jury of the charges.  Would the fact that an indictment charged the defendants with a crime lead you to believe that they are guilty or make it difficult for you to apply the presumption of innocence?  If so, you should write

---

[1] The Government objects to this bolded language as redundant of Question 9.

down #12 on your card

13.    If chosen as a juror, you should stand by your own opinion based on the evidence that comes in at trial and give each defendant the benefit of your individual judgment. Is there anyone who believes that they may be unable to do that?  If so, you should write down #13 on your card.

14.    Have you, or any members of your immediate family, ever studied law or had any legal training, including paralegal training? If so, you should write down #14 on your card.

15.    Have you, or any of your close friends or members of your household or family, ever worked for or with a prosecutor's office? By that, I mean government agencies such as the United States Attorney's Office, the D.C. Attorney General's Office, the Department of Justice, or any Attorney General's Office, district attorney's office, or state or commonwealth's attorney's office. Please also answer this question yes if you or a close friend or member of your household or family have a pending application for employment with a prosecutor's office.  If so, you should write down #15 on your card.

16.    Have you, or any of your close friends or members of your household or family, ever worked for or with a law enforcement agency? That would include police and government agencies such as the Metropolitan Police Department; the Federal Bureau of Investigation or FBI; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives, or ATF; the Drug Enforcement Administration, or DEA; the U.S. Park Police; the U.S. Secret Service; the Internal Revenue Service; the CIA; Immigration and Customs Enforcement Agency (ICE); the Department of Homeland Security; the Department of Corrections in DC or elsewhere; any state or local police and fire departments, or any military police or criminal investigative service. Please also answer yes to this question if you, a close friend, or a member

7

of your family or household has a pending application to work at one of those places now. If so, you should write down #16 on your card.

17.    Have you, your family members or any close personal friends ever been associated with any community groups, such as Neighborhood Watch, Crime Stoppers, or Orange Hats. If so, you should write down #17 on your card.

18.    Have you, or any of your close friends or members of your household or family, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, defense attorneys, or a private law firm? This question also includes work as a private investigator, and as with the questions before, you should answer yes if there is an application pending to work at one of those places. If so, you should write down #18 on your card.

19.    Have you, or any of your close friends or members of your household or family, ever worked at a courthouse or for a court system, including: D.C. Superior Court, or this court, the U.S. District Court, and that would include working at – or, as before, having an application pending right now – at the Pretrial Services Agency, the Court Services and Offender Supervision Agency (CSOSA), the U.S. Probation Office, or as a probation or parole officer anywhere? If so, you should write down #19 on your card.

20.    There will be testimony from law enforcement personnel in this case. Would the fact that a witness is a police officer or law enforcement agent have any effect on whether or not you believe that person's testimony? In other words, would just the fact that a witness is a police officer or law enforcement agent make you either more or less likely to believe their testimony or would you find them more or less credible than other witnesses? If so, you should write down #20 on your card.

21.     Have you had any personal experiences — either positive or negative — with the police or a prosecutor or other law enforcement personnel, or with a defense attorney or defense investigator, whether here in D.C. or elsewhere? If so, you should write down #21 on your card.

22.     Have you served as a juror within the past ten years, either on a grand jury or a petit jury, on the federal, state, or local level? If so, you should write down #22 on your card.

23.     Within the past ten years, have you or any close friend or family member been the victim of, or witness to, a crime? This includes crimes that were not reported to law enforcement at the time, but when I say a crime, I mean something other than parking or speeding tickets. If so, you should write down #23 on your card.

24.     Have you or any close friend or family member ever been accused of, arrested for, or charged with a crime? Again, I am not talking about parking or speeding tickets. If so, you should write down #24 on your card.

25.     As I mentioned at the start, this case is about an alleged conspiracy to rob pharmacies and cell phone stores and sell the proceeds of those robberies.  There is also an allegation that during some of these robberies, firearms were used.  And in some of the robberies, it is alleged that the individuals involved used force or violence against store employees or customers.  Is there anything about the nature of those charges alone that would make it difficult for you to be a fair and impartial juror in this case? If so, you should write down #25 on your card.

26.     I'm going to ask a few questions that relate to your feelings and beliefs about firearms – if your answer to any of them is yes, please write down #26 on your card:

        a.     Do you have strong feelings about guns or concerning gun control laws, either favoring or opposing such legislation, that would make it difficult for you to

render a fair and impartial verdict if you are chosen as a juror?

b. Do you have strong feelings concerning another person's alleged possession of a gun or guns that would affect your ability to render a fair and impartial verdict if you are chosen as a juror?

c. There will be allegations in this case about the possession of a machine gun. Do you have strong feelings about that type of weapon that would affect your ability to render a fair and impartial verdict in this case?

d. Are you a member of, or otherwise support, groups that advocate for gun rights, such as the National Rifle Association, or a group that advocates for restrictions on firearms, such as the Brady Campaign?

e. Have you, or a close friend or family member, ever been affected in any way by the use of a gun?

If your answer is yes to any of those questions about firearms or firearms laws, please write down #26.

27.    The case involves an allegation that the defendants robbed pharmacies of controlled substances[2] such as codeine, oxycodone, Percocet, and Adderall.  Do any of you have strong feelings about these controlled substances, the legal status of these controlled substances, or any personal experiences with these controlled substances that would make it difficult for you to render a fair and impartial verdict if you were selected as a juror? This includes whether you or a close friend or family member has been prescribed these controlled substances, were affected by, treated

---

[2] Defense objects to the use of "controlled substance" and instead prefers the term "medications."  The Government believes that controlled substances is the appropriate term as it aligns with the language of the indictment and has no reason to believe there will be evidence that the theft of these controlled substances was for the purpose of lawful medical treatment.

for, or suffered any negative consequences due to the use of these controlled substances?

28.    At the end of the trial, I will be instructing you about the law that applies to this case. Is there any way you would find it difficult to disregard any ideas, notions, or beliefs about the law you may hold, and render a fair and impartial verdict based solely on the evidence presented and my instructions of law? If so, you should write down #28 on your card.

29.    Once the trial begins, we generally sit in the courtroom from about 9:30 in the morning until about 4:30 or 5:00 in the afternoon. I will not hold trial on Fridays, unless I tell you beforehand.  There will be an hour-long break for lunch and breaks in the middle of the morning and the afternoon. Are any of you taking any medications, or do any of you have a physical or medical condition, that could make it difficult for you to sit as juror and give your full attention to the trial and the evidence in this case on that sort of schedule? Please also answer yes if you have difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case. If so, you should write down #29 on your card.

30.    Do any of you have difficulty speaking, understanding, reading, or writing the English language? If so, you should write down #30 on your card.

31.    After we pick the jury, we expect to start with opening statements and the presentation of evidence on _____.  The trial is expected to take approximately five weeks, and then the jury will take the time it needs to complete its deliberations. Are there any matters that you simply must attend to during that time, such that you could be faced with a hardship if selected for the jury in this case? If so, you should write down #30 on your card.

32.    My final question is a "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason that you

believe would make it hard for you to be fair. Is there any reason that would make it difficult for

you to sit as a fair and impartial juror in this case or would make it difficult for you to accept and

follow my instructions on the law? If so, you should write down #32 on your card.

## **VOIR DIRE QUESTIONS ON WHICH THE PARTIES DISAGREE**

### ***The Government Has Proposed the Following Additional Questions***

1.    Have any of you participated in protests, marches, candlelight vigils or other

activities in response to law enforcement activity, or have you ever worked for or contributed to

any group that advocates defunding or de-militarizing the police?[3]

---

[3] The Government believes that the question is relevant to exploring potential bias and has no
objection to similar questions regarding neighborhood watch groups. The defendants object to
this question as duplicative of prior questions related to interactions with law enforcement.

## PROPOSED JURY INSTRUCTIONS[4]

### *Standard Instructions on Which the Parties Agree*

The parties agree upon the following instructions, all of which are contained in the Standardized Criminal Jury Instructions for the District of Columbia ("Redbook"), and thus are identified only by title and number, unless a modification is proposed:

**PRELIMINARY INSTRUCTIONS**

1.102   Preliminary Instruction Before Trial

1.105A Preliminary Instruction when Note-taking is Permitted

1.107   Preliminary Instructions to Jury Where Identity of Alternates is Not Disclosed

1.108   A Juror's Recognition of a Witness or Other Party Connected to the Case

**ANTICIPATED INSTRUCTIONS DURING TRIAL**

1.202   Cautionary Instruction on the Use of the Internet and Publicity

1.103A Stipulation of Fact

2.308   Evidence Admitted Against One Defendant Only

2.305   Statements of the Defendant – Substantive Evidence

**FINAL JURY INSTRUCTIONS**

1.105B Notetaking by Jurors

2.100   Furnishing Jury with a Copy of the Instructions

2.101   Function of the Court

2.102   Function of the Jury

2.103   Jury's Recollection Controls

2.104   Evidence in the Case – Judicial Notice, Stipulations

---

[4] Defendants reserve the right to propose additional instructions or move to modify the instant instructions in light of the evidence that is admitted during the trial.

2.105   Statements of Counsel

2.106   Indictment Not Evidence

2.107   Presumption of Innocence (defense proposed modification in italics)[5]

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Ms. Gause, Mr. Mitchell, Mr. Branham, or Mr. Blount to prove his/her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Ms. Gause, Mr. Mitchell, Mr. Branham, or Mr. Blount is charged, it is your duty to find him/her guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, *you must*[6] find Ms. Gause, Mr. Mitchell, Mr. Branham, and Mr. Blount not guilty of that offense.

2.108   Reasonable Doubt

2.109   Direct and Circumstantial Evidence

2.110   Nature of Charges Not to Be Considered

2.112   Inadmissible and Stricken Evidence

2.200   Credibility of Witnesses

2.207   Police Officer Testimony (slight modification to "law enforcement officer")

---

[5] The defense proposes modifying this Redbook instruction.  The modification is italicized. Previous versions of the Redbook read this way (with "you must"), but the instruction was changed in April 2008, apparently simply to make the language parallel – "duty to find him guilty" and "duty to find him not guilty."  However, the responsibilities are not parallel.  It is not merely a duty, but an absolute requirement to find a defendant not guilty if the government fails to meet its burden – the jury *must* find them not guilty.  *See United States v. Pierre*, 974 F.2d 1355 (D.C. Cir. 1992) (approving of instruction that provided that it was jury's duty to convict if proof beyond a reasonable doubt and must find not guilty if no proof beyond a reasonable doubt). A Juror should never be instructed that it "must" find a defendant guilty.

[6] The government objects to the defense modification of the Redbook instruction.  If the Court adopts this change, the government would similarly request the "must" language be inserted into the prior sentence as well: "If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Ms. Gause, Mr. Mitchell, Mr. Branham, or Mr. Blount is charged, *you must* find him/her guilty of that offense."  The Government believes that the instruction should be parallel.

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a law enforcement officer.

2.208   Right of Defendant Not to Testify (defense proposed modifications in italics)[7]

Every defendant in a criminal case has an absolute right not to testify. [Insert defendant names]*, with the advice of counsel,* have chosen to exercise this right *to remain silent*. You must not hold this decision against *them. There are many reasons entirely consistent with innocence for which a person may decide not to testify.* It would be improper for you to speculate as to the reason or reasons for *their* decision*. You may not even discuss this matter during your deliberations. Most importantly, you must not draw any inference of guilt from their decision not to testify and not to call witnesses, because they are presumed innocent and remain innocent unless and until the government proves guilt beyond a reasonable doubt.* You must not assume *a* defendant is guilty because s/he chose not to testify.

2.215   Specialized Opinion Testimony

2.216   Evaluation of Prior Inconsistent Statement of a Witness (if applicable)

2.217   Evaluation of Prior Consistent Statement of a Witness (if applicable)

2.321   Evidence of Other Crimes

2.220   Impeachment by Proof of Conviction of a Crime – Defendant (if applicable)

2.218   Impeachment by Proof of Conviction of a Crime – Witness (if applicable)

2.230   Identification[8]

---

[7] The Government objects to the revisions to the Redbook Instruction and does not believe that certain portions have support in case law.  Further, it implies that a defendant is acting on the advice of counsel when that may or may not be the case and ultimately has no bearing on the relevant issue.

[8] The government does not object to the inclusion of the first two lines of the instruction: "The burden is on the government to prove beyond a reasonable doubt, not only that the offense[s] was/were committed, but also that [name of defendant] is the person who committed it/them.  In deciding whether the government has proved beyond a reasonable doubt that [name of defendant] is the person who committed the offense[s], you may consider any evidence relating to the identity of that person."  But the government does object to everything after "A number of factors" because that relates to eyewitness identifications, which are not anticipated in this case. Significantly, no eyewitnesses have undergone ID procedures and the identifications of the

2.404   Multiple Defendants – Multiple Counts

2.406   Unanimity – General

2.407   Verdict Form Explanation

2.500   Redacted Exhibits

2.501   Exhibits During Deliberations

2.502   Selection of Foreperson

2.505   Possible Punishment Not Relevant

2.508   Cautionary Instruction on Publicity, Communication, and Research

2.509   Communications Between Court and Jury During Jury's Deliberation

2.510   Attitude and Conduct of Jurors in Deliberations

2.511   Excusing Alternate Jurors

3.101   Proof of State of Mind

3.103   "On or About" – Proof of

3.104   Possession – Defined

3.200   Aiding and Abetting

7.102   Conspiracy – Basic Instruction

Multiple Conspiracies[9]

---

defendants are based on cellsite, surveillance footage, phone records, etc.

[9] This instruction is a Ninth Circuit Jury Instruction. *See United States v. Perry*, 550 F.2d 524, 533 (9th Cir. 1997). This instruction obviates the need for further instructions on multiple conspiracies. *United States v. Si*, 343 F.3d 1116, 1126-27 (9th Cir. 2003). Given in combination with a proper conspiracy instruction, this instruction is adequate to cover a multiple conspiracy defense. *United States v. Bauer*, 84 F.3d 1549, 1560-61 (9th Cir. 1996); *United States v. Job*, 851 F.3d 889, 905 (9th Cir. 2017). Similar instructions are also given in the Fourth Circuit. *See United States v. Sullivan*, 455 F.3d 248, 259 (4th Cir. 2006).

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

7.103   Co-Conspirator Liability

9.100   Defense Theory Instruction
        The defense may submit a proposed instruction at the close of the Government's case.

### *Standard Instructions on Which the Parties Disagree*

The parties disagree upon the following instructions, all of which are contained in the

Standardized Criminal Jury Instructions for the District of Columbia ("Redbook"), and thus are

identified only by title and number

2.235   Limiting Instructions Regarding the Lawfulness of Stops, and Arrests[10]

3.201   Transferred and Concurrent Intent[11]

6.201   Possession of Controlled Substances with Intent to Distribute[12]

### *Government's Proposed Case Specific Instructions*

**PREPARATION OF WITNESSES[13]**

You may have heard testimony about witnesses meeting with attorneys and/or investigators

before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to

interview a witness in preparation for trial. It is for you to decide the weight of witness's testimony.

**Source:**   Modified from Fed. Crim. Jury Instr. 7th Cir. 3.02 (Attorney Interviewing

Witness).   *United States v. Torres*, 809 F.2d 429, 439–40 (7th Cir. 1987) ("As the trial judge

---

[10] Defendants object to the inclusion of this instruction.
[11] Defendants object to the inclusion of this instruction.
[12] Defendants object to this instruction as unnecessary because it is incorporated in the conspiracy instruction for Count Two below.
[13] Defendants object to the inclusion of this instruction.

explained to the jury, 'it is perfectly proper for a lawyer to interview a witness in preparation for

trial, 'and an attorney who does not question, rehearse and prepare his witnesses before trial is not

properly prepared for trial.")

## CONJUNCTIVELY CHARGED COUNTS[14]

Where a statute specifies multiple alternative ways in which an offense may be committed,

the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and."

If only one of the alternatives is proven beyond a reasonable doubt, that is sufficient for conviction,

so long as you agree unanimously as to that alternative.

**Source:**  Judicial Council of the United States Eleventh Judicial Circuit Instruction B8.1

### *Proposed Case Specific Instructions*

#### Count One: Conspiracy to Interfere with Interstate Commerce by Robbery

Count One of the Indictment charges each Defendant with conspiring to interfere with

interstate commerce by robbery. The alleged objects of this conspiracy were money, controlled

substances, and cell phones that were in the possession of certain pharmacies and cell phone stores.

It is against the law for one person to agree with another person to interfere with interstate

commerce by robbery. The charge of conspiracy to interfere with interstate commerce by robbery

is a separate charge from interstate commerce by robbery itself with which the defendants are also

charged. You must consider each charge and each defendant separately in deciding whether the

government has proved each element of the offense as to that person. I will explain the underlying

elements of interference with interstate commerce by robbery shortly.

#### The Government proposes the following language be added here: *A conspiracy to*

*commit a crime is itself a crime.  This is so because the essence of the offense of conspiracy is*

---

[14] Defendants object to the inclusion of this instruction.

*an unlawful agreement or understanding between two or more persons to violate the law, and it is against the law to agree with someone else to commit a crime, even if the crime itself was never completed. The government is not required to prove that the objective was achieved.*[15]

The elements of this offense, charged in Count One, each of which the government must prove beyond a reasonable doubt, are that:

First, beginning on or about May 7, 2020, and continuing through at least May 26, 2021, an agreement existed between two or more people to commit the crime of interference with interstate commerce by robbery. The elements of interstate commerce by robbery are set forth in Count Three.

The agreement does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to interfere with interstate commerce by robbery. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of interference with interstate commerce by robbery. So, the first thing that must be shown is the existence of an agreement.

Second, to find any defendant guilty, you must find that they intentionally joined in that agreement. It is not necessary to find that they agreed to all the details of the crime, or that they knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the specific intent to advance or further the common unlawful

---

[15] Defendants object to this addition to the Redbook instruction.

object of the conspiracy. Even if a defendant was not part of the agreement at the very start, they can become a member of a conspiracy later if the government proves that they intentionally joined the agreement.  Different people may become part of the conspiracy at different times.  But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that a defendant knowingly joined in the agreement.  Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make a defendant part of the conspiracy.  So, the second thing that must be shown is that a defendant was part of the conspiracy with the specific intent to further the common object of the conspiracy.

Third, one of the people involved in the conspiracy must have done something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The charged overt acts here are as follows:

1. On or about May 9, 2020, members of the conspiracy entered and robbed a Walgreens Pharmacy located at 1905 State Road 33, Neptune New Jersey.

2. On or about June 8, 2020, members of the conspiracy entered and robbed a CVS Pharmacy located at 4140 E Joppa Road, Nottingham, Maryland.

3. On or about June 9, 2020, members of the conspiracy entered and robbed a T-Mobile store located at 8145 Baltimore Avenue, College Park, Maryland.

4. On or about November 6, 2020, members of the conspiracy entered and robbed a T-Mobile store located at 721 D St. SE, Washington, D.C.

5. On or about November 9, 2020, members of the conspiracy entered and robbed Russel Cellular located at 5252 Wisconsin Ave. NW, Washington, D.C.

6. On or about November 11, 2020, members of the conspiracy entered and robbed a T-

Mobile store located at 2460 Market St. NE, Washington, D.C.

7.  On or about November 12, 2020, members of the conspiracy entered and robbed Glen Echo Pharmacy located at 7311 Macarthur Blvd., Washington, D.C.

8.  On or about January 12, 2021, members of the conspiracy entered and robbed a Verizon store located at 703 8th St. SE, Washington, D.C.

9.  On or about February 14, 2021, members of the conspiracy entered and robbed a CVS store located at 10901 West Broad St., Henrico, Virginia.

10. On or about March 24, 2021, members of the conspiracy entered and robbed Morgan Pharmacy located at 3001 P Street NW, Washington, D.C.

11. On or about March 25, 2021, members of the conspiracy entered and robbed a Walgreens Pharmacy store located at 4515 Duke Street, Alexandria, Virginia.

12. On or about March 31, 2021, members of the conspiracy committed an armed robbery and carjacking in the area of 6421 Hil Mar Drive, District Heights, Maryland.[16]

13. On or about March 31, 2021, members of the conspiracy entered and robbed a CVS store located at 11729 Beltsville Dr., Beltsville, Maryland.

14. On or about April 1, 2021, members of the conspiracy entered and robbed a CVS store located at 9200 Centreville Road, Manassas, Virginia.

15. On or about May 4, 2021, members of the conspiracy entered and robbed an AT&T store located at 11427 Georgia Ave., Wheaton, Maryland.

16. On or about May 5, 2021, members of the conspiracy entered and robbed an AT&T store

---

[16] Defense counsel objects to the inclusion of the armed carjacking in the list of overt acts. There is no logical basis for finding that an armed carjacking is a foreseeable overt act to a Hobbs Act conspiracy such that it could be the basis for criminal liability against a defendant who did not personally engage in the carjacking.

located at 6300 Annapolis Road, Hyattsville, Maryland.

17. On or about May 7, 2021, members of the conspiracy entered and robbed an AT&T store located at 14700 Baltimore Ave., Laurel, Maryland.

18. On or about May 26, 2021, members of the conspiracy entered and robbed an CVS store located at 28 Magothy Beach Road, Pasadena, Maryland.

The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more persons existed or whether each defendant was a member, you may consider the acts and the statements of any other member of the conspiracy, should you find that there was a conspiracy, as evidence against a defendant, whether or not those statements were made or those acts were committed in the defendant's presence while the conspiracy existed, but only if the statements or acts were made in furtherance of and during the course of the conspiracy.

When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may only be considered as evidence against the person making such statements.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a

reasonable doubt: first, that there was an agreement to interfere with interstate commerce by robbery; second, that each defendant intentionally joined in that agreement with the specific intent to further the common unlawful object of the conspiracy; and third, that one member of the conspiracy committed an overt act in furtherance of the conspiracy.

*Co-Conspirator Liability*[17]

You can find the defendant guilty of Count One (Conspiracy to Interfere with Interstate Commerce by Robbery) without finding that the defendant personally committed each of the acts that make up the crime. A defendant is responsible for an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy.

To find any defendant guilty of Count One under this theory, you must find beyond a reasonable doubt that:

1. There was a conspiracy to interfere with interstate commerce by robbery;

2. The offense of interference with interstate commerce by robbery was committed by a co-conspirator of the defendants;

3. The defendants were a member of the conspiracy to interfere with interstate commerce by robbery at the time the offense of the interference with interstate commerce by robbery;

4. The offense of interference with interstate commerce by robbery was committed during the existence of the conspiracy;

---

[17] The defense objects to including a section on co-conspirator liability as a part of Count One. The defense believes that prior instructions on Aiding and Abetting, Conspiracy – Basic Instruction, and Co-Conspirator Liability Instructions are sufficient and that including co-conspirator liability here would be duplicative.

5.      The offense of interference with interstate commerce by robbery was committed in furtherance of the conspiracy; and

6.      The offense of interference with interstate commerce by robbery was a reasonably foreseeable consequence of the conspiracy. It is not necessary to find that the crime was intended as part of the original plan, only that it was a foreseeable consequence of the original plan.

## Count Two: Conspiracy to Possess with the Intent to Distribute Oxycodone, Amphetamine, Morphine, Tapentadol, Hydrocodone, and Promethazine with Codeine

Count Two of the Indictment charges each defendant with conspiring to possess with the intent to distribute certain controlled substances in violation of Section 841(a) and Section 846 of Title 21 of the United States Code. The elements of this offense, charged in Count One, each of which the government must prove beyond a reasonable doubt, are that:

First, beginning on or about May 7, 2020 and ending on or about May 26, 2021, there was an agreement between two or more persons to possess with intent to distribute oxycodone, amphetamine, morphine, tapentadol, hydrocodone, or promethazine with codeine.

Second, the defendant joined in the agreement knowing of its purpose with the specific intent to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of the specific controlled substance to another person, with or without any financial interest in that transaction.  The Government need not prove that a defendant received or expected to receive anything of value in return.

The law makes oxycodone, amphetamine, morphine, tapentadol, hydrocodone, and promethazine with codeine controlled substances.[18]  The Government is not required to prove

---

[18] Ms. Gause objects to this sentence.

that a defendant knew the precise type of controlled substance that they distributed. The Government must prove beyond a reasonable doubt, however, that each defendant agreed to possess with the intent to distribute some type of controlled substance.

When determining whether the Government has proven that this conspiracy existed and whether each defendant was a part of the conspiracy, you should consider my instructions with respect to Count One.

### Count Three: Interference with Interstate Commerce by Robbery

Count Three of the Indictment charges Defendants Gause, Mitchell, and Blount with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about May 9, 2020, at the Walgreens pharmacy located at 1905 State Road 33, Neptune, New Jersey. The elements of this offense, each of which the government must prove beyond a reasonable doubt, are that:

1.    That the defendant took from another money or property;

2.    That the defendant did so knowingly and willfully by robbery; and

3.    That as a result of the defendant's actions, interstate commerce was obstructed, delayed, or affected.

For purposes of this offense, "robbery" is defined as the unlawful taking of money or property from the person or in the presence of another, against his or her will, by means of actual or threatened force, violence, or fear of injury to his or her person or to property in his or her custody or possession.

To convict the defendant of interference with interstate commerce by robbery, the government must prove that the defendant's conduct affected or could have affected interstate commerce. Conduct affects interstate commerce if it in any way involves, interferes with, changes,

or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states or between the United States and a foreign country. The effect can be minimal.

It is not necessary for the government to prove that a defendant knew or intended that his/her conduct would affect commerce; it must prove only that the natural consequences of his/her conduct affected commerce in some way. Also, you do not have to find that there was an actual effect on commerce. The government must show only that the natural result of the offense would be to cause an effect on interstate commerce to any degree, however minimal or slight.

A defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. With respect to conspirator liability, you should follow my instructions in Count One. The following instruction applies to aiding and abetting.

### _Aiding and Abetting Liability_[19]

You may find a defendant guilty of Count Three (Interference with Interstate Commerce by Robbery) without finding that he or she personally committed each of the acts that make up the crime. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as they would be if they had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted the commission of Count Three, you must find that the defendant knowingly associated themselves with the commission of the crime, that they participated in the crime as something they wished to bring about, and that they intended by

---

[19] As with the co-conspirator liability sections with Count One, the defense objects to the inclusion of a section on aiding and abetting liability for Count Three. The instructions for aiding and abetting were included previously and should not be repeated.

their actions to make it succeed.

Some affirmative conduct by a defendant in planning or carrying out the crime is necessary. Mere physical presence by a defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt. The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime.

### Count Four: Interference with Interstate Commerce by Robbery

Count Four of the Indictment charges Defendants Mitchell and Blount with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about June 8, 2020, at the CVS pharmacy located at 4140 East Joppa Road, Nottingham, Maryland. The elements of Count Four are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden. Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Five: Interference with Interstate Commerce by Robbery

Count Five of the Indictment charges Defendants Mitchell and Blount with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about June 9, 2020, at the T-Mobile store located at 8145 Baltimore Avenue, College Park, Maryland. The elements of Count Five are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden. Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

## **Count Six: Interference with Interstate Commerce by Robbery**

Count Six of the Indictment charges Defendants Gause and Mitchell with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about November 6, 2020, at the T-Mobile store located at 721 D Street SE, Washington, D.C.  The elements of Count Six are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden.  Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

## **Count Seven: Interference with Interstate Commerce by Robbery**

Count Seven of the Indictment charges Defendants Gause and Mitchell with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about November 9, 2020, at the Russell Cellular store located at 5252 Wisconsin Avenue NW, Washington, D.C.  The elements of Count Seven are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden. Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator.  You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

## **Count Eight: Interference with Interstate Commerce by Robbery**

Count Eight of the Indictment charges Defendants Gause and Mitchell with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about November 11, 2020, at the T-Mobile store located at 2460 Market Street NE, Washington, D.C.  The elements of Count Eight are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden.  Additionally, as with

28

Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Nine: Interference with Interstate Commerce by Robbery

Count Nine of the Indictment charges Defendants Gause and Mitchell with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about November 12, 2020, at the Glen Echo Pharmacy located at 7311 Macarthur Boulevard, Bethesda, Maryland. The elements of Count Nine are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden. Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Ten: Interference with Interstate Commerce by Robbery

Count Ten of the Indictment charges Defendants Gause, Mitchell, and Branham with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about January 12, 2021, at the Verizon store located at 703 8th Street SE, Washington, D.C. The elements of Count Ten are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden. Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Eleven: Interference with Interstate Commerce by Robbery

Count Eleven of the Indictment charges Defendants Gause, Mitchell, and Branham with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that

occurred on or about February 14, 2021, at the CVS pharmacy located at 10901 West Broad Street, Henrico, Virginia. The elements of Count Eleven are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden. Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Twelve: Interference with Interstate Commerce by Robbery

Count Twelve of the Indictment charges Defendants Gause and Branham with interfering with interstate commerce by robbery, referred to as Hobbs Act robbery, that occurred on or about March 24, 2021, at Morgan Pharmacy, located at 3001 P Street NW, Washington, D.C. The elements of Count Twelve are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden. Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Thirteen: Interference with Interstate Commerce by Robbery

Count Thirteen of the Indictment charges Defendant Branham with interfering with interstate commerce by robbery, referred to as Hobbs Act robbery, that occurred on or about March 25, 2021, at the Walgreens located at 4515 Duke Street, Alexandria, Virginia. The elements of Count Thirteen are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden. Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Fourteen: Interference with Interstate Commerce by Robbery

Count Fourteen of the Indictment charges Defendants Gause and Branham with interfering with interstate commerce by robbery, referred to as Hobbs Act robbery, that occurred on or about March 31, 2021, at the CVS located at 11729 Beltsville Drive, Beltsville, Maryland.  The elements of Count Fourteen are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden.  Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Fifteen – Brandishing a Firearm During a Drug Trafficking Offense

Count Fifteen charges Defendant Branham with brandishing a firearm during a drug trafficking offense in connection with the conspiracy charged in Count Two, which occurred on or about April 1, 2021, at the CVS located at 11729 Beltsville Drive, Beltsville, Maryland.  The elements of this offense, each of which the government must prove beyond a reasonable doubt, are that:

1. The defendant committed the drug trafficking offense charged, that is, the Conspiracy charged in Count Two;

2. The defendant knowingly brandished a firearm; and

3. The defendant brandished a firearm during and in relation to a drug trafficking offense.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by means of an explosive.

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person in order to intimidate that

person, regardless of whether the firearm is directly visible to that person.  As with the counts charging interfering with interstate commerce by robbery, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in Counts One and Three in determining whether the Government has met its burden, as well as the additional instruction below.

To find a defendant who did not personally brandish or use a firearm during a robbery or a drug trafficking offense guilty of this offense as an aider or abettor, the Government must prove beyond a reasonable doubt that the aider or abettor must have known to a practical certainty in advance that the person who brandished the gun would be brandishing the gun during and in relation to the crime of violence or drug trafficking offense.  It is not enough for the Government to rely on the natural and probable consequences of another person's actions to convict a defendant of this offense as an aider and abettor.

### Count Sixteen: Interference with Interstate Commerce by Robbery

Count Sixteen of the Indictment charges Defendants Gause and Mitchell with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about May 4, 2021, at the AT&T store located at 11427 Georgia Avenue, Wheaton, Maryland.  The elements of Count Sixteen are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden.  Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator.  You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Seventeen – Brandishing a Firearm During a Crime of Violence

Count Seventeen charges Defendants Gause and Mitchell with brandishing a firearm during a crime of violence in connection with the robbery charged in Count Sixteen, which occurred on or about May 4, 2021, at the AT&T store located at 11427 Georgia Avenue, Wheaton, Maryland.

Interference with Interstate Commerce by Robbery as charged in Count Sixteen is a crime of violence.

The elements of this offense, each of which the government must prove beyond a reasonable doubt, are that::

1.      The defendant committed the offense charged in Count Sixteen, that is, interfering with interstate commerce by robbery, referred to as Hobbs Act robbery, that occurred on or about May 4, 2021, at the AT&T store located at 11427 Georgia Avenue, Wheaton, Maryland

2.      The defendant knowingly brandished a firearm; and

3.      The defendant brandished a firearm during and in relation to the offense charged in Count Sixteen.

The terms "firearm" and "brandish" have the same meaning as defined in Count Fifteen.

A defendant may be found guilty of this offense as a principal, an aider-and-abettor, or as a conspirator.[20] You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

To find a defendant who did not personally brandish or use a firearm during a robbery or a drug trafficking offense guilty of this offense as an aider or abettor, the Government must prove beyond a reasonable doubt that the aider or abettor must have known to a practical certainty in advance that the person who brandished the gun would be brandishing the

---

[20] Mr. Mitchell and Ms. Gause object to the inclusion of "or as a conspirator."

gun during and in relation to the crime of violence or drug trafficking offense. It is not enough for the Government to rely on the natural and probable consequences of another person's actions to convict a defendant of this offense as an aider and abettor.

### Count Eighteen: Interference with Interstate Commerce by Robbery

Count Eighteen of the Indictment charges Defendants Gause and Mitchell with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about May 5, 2021, at the AT&T store located at 6300 Annapolis Road, Hyattsville, Maryland. The elements of Count Eighteen are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden. Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Nineteen – Brandishing a Firearm During a Crime of Violence

Count Nineteen charges Defendants Gause and Mitchell with brandishing a firearm during a crime of violence in connection with the robbery charged in Count Eighteen, which occurred on or about May 5, 2021, at the AT&T store located at 6300 Annapolis Road, Hyattsville, Maryland. The elements of this offense are the same as those for Count Seventeen and you should refer to those elements in determining whether the Government has met its burden. As with Count Seventeen, a defendant may be found guilty of this offense as a principal, an aider-and-abettor, or a conspirator.[21] You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Twenty: Interference with Interstate Commerce by Robbery

---

[21] Mr. Mitchell and Ms. Gause object to the inclusion of "or as a conspirator."

Count Twenty of the Indictment charges Defendant Gause with interfering with interstate commerce by robbery, referred to as Hobbs Act robbery, that occurred on or about May 7, 2021, at the AT&T store located at 14700 Baltimore Avenue, Laurel, Maryland. The elements of Count Twenty are the same as those of Count Three and you should refer to those elements in determining whether the Government has met its burden. Additionally, as with Count Three, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or as a conspirator. You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

### Count Twenty-One – Brandishing a Firearm During a Crime of Violence

Count Twenty-One charges Defendant Gause with brandishing a firearm during a crime of violence in connection with the robbery charged in Count Twenty, which occurred on or about May 7, 2021, at the AT&T store located at 14700 Baltimore Avenue, Laurel, Maryland. The elements of this offense are the same as those for Count Seventeen and you should refer to those elements in determining whether the Government has met its burden. As with Count Seventeen, a defendant may be found guilty of this offense as a principal, aider-and-abettor, or a conspirator.[22] You should refer to the definitions of those terms as I have previously provided in determining whether the Government has met its burden.

---

[22] Ms. Gause objects to the inclusion of "or as a conspirator."

35

## WITNESS LIST

**Civilian Witnesses**

- Tasha Veney

- Myesha Inman

- Tamika Tucker

- Latrina Sheppard

- Benjamin Nash

- Mohamed Kamara

- Deborah Renee Shannon

- Dwan Dalton

- James Tyler

- Diane Tyler

- Betty Anderson

- Raquia Day

- Rasaan Johnson

- Gabriel Usog

- Wilfredo Reyes Jr.

- Russell Bradley

- Juan Aguilar-Velasquez

- Justo Santeliz

- Bimala Lama

- Patricia Mills

- Carla Vonneumann-Lille

- Maria Fontanez

- Lucio Morales

- Tavaress Williams

- Rowshan Taluckder

- Crystal Panton
- Jaleai Morrison
- Breshawn Venable
- Khari Thompson
- Donnita Carter
- Torrey Ellis
- Maurice Lewis Brown
- Myoung Kim
- Michael Crider
- Bliss Abraham
- Asad Agha
- Lukas Lateer
- Yudith Bustos Taleno
- Bilal Wshah
- Kurt Joehl
- Ronald Sinker
- Rafaelito Magalona
- Sanny Derilo
- Stephany Astrid Funes Valdez
- Delores Brown
- Justin Gott
- Dervon Renee Prince
- Armando Lahera Jr.
- Fidel Antonio Hernandez-Rosa
- Tywon Gregory
- Gabrielle Roberts
- Lucretia Morris

- Dawn Marie Stokesbary
- Jessica Davis
- Miguel Antonio Flores
- Wesley Steven Gutierrez
- Scott Skolnik
- Charles Presley
- Carlos Carino
- Luis Pellot
- Sandra McEnough

**Law-Enforcement Witnesses**

- FBI Special Agent Erik Potrafka
- Alexandria PD Detective Michael Kramarik
- Alexandria PD Officer Elyssa Pezzo
- Anne Arundel PD Officer William Seekford Jr.
- Anne Arundel PD Officer Samuel Bourassa
- Baltimore County Officer Donald Oak Jones
- Beltsville PD Sergeant Greg Curry
- Henrico PD Detective Kevin Johnson
- Laurel PD Detective Kevin Fillinich
- Laurel PD Detective Chris Love
- Laurel ECU Technician Devin Baker
- Laurel PD Officer Joshua Burford
- Laurel PD Officer Edwin Monarrez
- Manassas PD Lieutenant Warren Lane
- Manassas PD Officer Simon Storti
- Manassas PD Officer Reid McCarthy

- Manassas PD Officer Yvettte Sturman

- Manassas PD Sergeant Shauna Moller

- Manassas PD Detective Jonathan Agule

- Manassas PD Detective Luis Armas

- Midlothian PD Officer Michael Lasorsa

- MCPD Officer Daniel Gomez

- MCPD Officer Stephen Angelis

- MPD Officer Jason M. Campbell

- MPD Detective James O'Bannon

- MPD Sergeant Dustin Nevel

- MPD Detective James O'Bannon

- MPD Officer Andrew Chan

- MPD Officer Isabella Jones

- MPD Detective Karen Arikpo

- MPD Officer William Peterson

- MPD Detective Brian McCarthy

- MPD Officer Jonathan Perez

- Neptune PD Officer Evan Pollara

- Neptune PD Officer Eric Chunn

- PGPD Officer Ashby Hoffman, III

- PGPD Officer Paul Gambardella

- PGPD Detective Michael Visbal

- PGPD Officer Haseeb Munawar

- PGPD Officer Patrick Whittington

- DFS Technician Jamie Browning

- DFS Forensic Scientist Precious Patton

**Expert Witnesses**

- **Detective Sergeant Alvin Cardinal.**  Expert in the field of drug trafficking and distribution.  *See* ECF No. 176.[23]

- **Anne Arundel Detective Michael Krok and FBI Special Agent Steven Lopacinski.**  Experts in the field of digital forensics.  *See* ECF No. 177.

- **FBI Special Agent Benjamin Fulp.**  Expert in the field of cellsite location data.  *See* ECF No. 179.

- **FBI DNA Examiners Jessica Van Dyke and Lara Adams.**  Experts in DNA analysis.  *See* ECF No. 180.  Note, we anticipate an additional DNA expert testifying as to the glove recovered from the Nottingham robbery.  We were recently informed that FBI laboratory would not analyze the glove as Baltimore County had already begun that process.[24]

- **DEA Forensic Chemist and Examiner Jason Brewer.**  Expert in the examination and identification of drugs.  *See* ECF No. 175.

- **FBI Physical Scientist and Forensic Examiner Daniel Lien.**  Expert in latent print processing and comparison. *See* ECF No. 175

- **PGPD Corporal Steven Holland.**  Expert in firearm and toolmark examination who tested firearm recovered on May 7, 2021.  *See* ECF No. 178.[25]

- **FBI Firearms and Toolmark Examiner.** Expert in firearm and toolmark examination who is testing the firearm recovered April 1, 2021.  *See* ECF No. 178.[26]

**Mr. Mitchell's Potential Witness List**

- Daniella Pauta
- Tyrees Smith
- Ronald Sanders
- Celia Sang

---

[23] Defendants object to the admission of this expert as proper notice under Rule 16 was not timely provided.

[24] Defendants object to the admission of this "additional" expert as proper notice under Rule 16 was not timely provided.

[25] Defendants object to the admission of this expert as proper notice under Rule 16 was not timely provided.

[26] Defendants object to the admission of this expert as proper notice under Rule 16 was not timely provided.

**Ms. Gause's Potential Witness List:**  David Jones

**Mr. Branham's Potential Witness List:**  Dale Vaughn

### GOVERNMENT'S CONVICTIONS FOR IMPEACHMENT[27]

As noticed on June 20, 2025 (ECF No. 181), the Government intends on impeaching

Defendants Gause, Mitchell, Branham, and Blount with the following convictions.

### *Gause*

- Grand Larceny, December 7, 2016 (Fairfax County, Virginia GC16195587-00)
- Robbery, January 15, 2023 (Anne Arundel, Maryland C-02-CR-21-000954)

### *Mitchell*

- Robbery, January 7, 2022 (Anne Arundel, Maryland C-02-CR-21-000954)
- First Degree Theft, November 1, 2018 (D.C. Superior Court 2016 CMD 018169)
- Theft: $1,000 to Under $10,000, September 5, 2019 (Rockville, Maryland 0D00362768)
- False Identify to Law Enforcement, Obstruct Justice Without Threats, July 23, 2012 (Arlington, Virginia GC12002327-00)
- Public Records: Forgery, December 4, 2015 (Arlington, Virginia CR12000968-00)

**Branham**: Abduction by Force and Robbery, April 7, 2022 (Prince William, Virginia CR21001326-00).

### *Blount*

- Fraud – Identity Fraud Avoid Prosecution, September 16, 2021 (Harford County D-09-CR-21-002254)
- Grand Theft, April 12, 2021 (Orange County, California 21HF0017)
- Grand Theft, November 30, 2020 (Bell Flower, California VA15470201)
- Theft $1,500 or Greater September 6, 2019 (Kent County, Delaware 1208024189)
- Larceny Over $200, Conspiracy to Commit Larceny, July 29, 2019 (Alexandria, Virginia CF13000236)

---

[27] Defendants have filed objections to the use of these convictions.

## <u>GOVERNMENT'S PROPOSED STIPULATIONS</u>

The parties are continuing to negotiate stipulations.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    /s/ Sarah Martin
Sarah Martin
Assistant United States Attorney
D.C. Bar 1612989
601 D Street NW
Washington, D.C.
(202) 252-6775
Sarah.Martin@usdoj.gov